IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL J. CASTLE-FOSTER, | |
| Plaintiff, | |
| v. | CASE NO.: 4:19-cv-139 |
| CINTAS CORPORATION, et al., | |
| Defendant. | |

## ORDER

Before the Court are defendant's Motion for Protective Order, doc. 57, plaintiff's Motion to Compel, doc. 75, defendant's Motion to Compel, doc. 77, defendant's Motion for an Independent Medical Examination, doc. 78, and plaintiff's Motion for a Hearing, doc. 84. In addition to these motions, the parties have filed various "objections." *See, e.g.,* doc. 55, doc. 73. For the following reasons, the motions are **DENIED** with leave to refile.

As an initial matter, these motions were filed earlier in the year, some prior to this Court's first Order regarding the global pandemic. Since that time, the parties have engaged in voluminous, if modified, discovery practices, some of which appear to have obviated the disputes

the parties seek to litigate. For example, defendant's Motion for Protective Order sought to limit or modify the deposition of a potential corporate representative, Elizabeth Thrasher, and sought permission to redesignate certain individuals as corporate witnesses *after* the conclusion of their deposition. *See, e.g.,* doc. 57. At least some of these depositions have occurred. *See, e.g.,* doc. 73-17. And the Court has held a settlement conference which has not – however unfortunately – born fruit. Given the progress of the case, it is unclear which, *if any*, discovery disputes remain outstanding. Moreover, during the settlement conference held on September 22, 2020, the parties indicated to the Court the imminent potential for additional discovery motions.

In the interest of judicial economy, the Court will require the parties to consolidate their motions and, respectively, file a single omnibus discovery motion. Subject to the additional requirements discussed below, the parties are **DIRECTED** to file their respective consolidated motions within thirty days from the date of this Order. The motions should contain every discovery dispute which remains pending which the parties wish the Court to rule on. Any discovery dispute arising prior to the date the motions are filed which is not raised in the

respective omnibus motions will be deemed waived. These motions should be no more than 40 pages in length.[1] Each party is limited to 100 pages of exhibits per filing. The parties shall have the opportunity to each file a *single* response subject to the same length restriction.

Finally, the Court expressly discourages the parties from persisting with their current approach to discovery disputes and warns the parties that the Court is unlikely to modify the page limits expressed above. In the topside briefs *alone* for the previously filed discovery motions the parties filed *3,744 pages* of argument and exhibits. This number does not include in its count any responsive filings or exhibits (which are on their own voluminous: defendants for example, filed 344 pages of argument and documentation in response to plaintiff's motion to compel, doc. 81), or the objections the parties filed. Having briefly reviewed the filings, the Court is, quite frankly, at a loss as to why the parties thought this was either necessary or acceptable.[2]

---

[1] To that end, the Court will preemptively waive the page limits in S.D. Ga. L. R. 7.1(a).

[2] The Court acknowledges that the bulk of this number consists of the various depositions and exhibits filed by plaintiff in his motion to compel, doc. 75. But defendants are not innocent either having filed over 250 pages in their own motion to compel, doc. 77.

Discovery disputes are real, and conflict between parties common. Such disputes, however, are rarely so complicated that they merit the submission of *thousands* of pages of exhibits. Disputes of that magnitude are even more rare in personal injury cases stemming from automobile accidents. The parties must appreciate that the Court reviews *all* the exhibits they submit, not merely the portions cited in their briefs – an effort the Court does its best to extend to every case before it. The burden of reviewing submissions of this magnitude is significant, time-consuming, and ultimately (in the case of these disputes) unreasonable when considering the circumstances.[3]

Some discovery disputes may require review of expansive records, but not all do. In order to avoid the waste of valuable judicial—and ultimately public—resources, the Court requires extraordinary proof to justify the filing of such an extraordinary volume of documents. If either party wishes to submit more than 100 pages of exhibits in support of their omnibus motion, they must move for leave. Any such motion must

---

[3] Frustration with parties' conduct in discovery is often lamented by the district courts. *See, e.g., Align Technology, Inc. v. Clearcorrect, Inc.,* Case No. CV411-695, doc. 237 (S.D. Tx. Dec. 12, 2018) ("This is my oldest and least favorite case. Please stop trying to become my least favorite lawyers.") To be clear, this Court is not yet at that point in the instant case.

include a specific and detailed explanation of (1) the additional materials the party seeks to submit, (2) the volume of those materials, (3) why the additional materials are necessary to the party's argument, and (4) how the party proposes to organize those materials to focus the Court's review (*i.e.*, tables of contents, excerpts of specifically relevant material, conference with opposing counsel concerning stipulations to facts obviating the need for extensive exhibits, etc.).  Leave to exceed the 100-page limit shall not be granted absent a showing that the requesting party was unable, despite diligent effort, to present the necessary information within the limit.

    **SO ORDERED** this 24th day of September, 2020.


                                                                       _____
                                                                        Christopher L. Ray
                                                                        United States Magistrate Judge
                                                                        Southern District of Georgia