UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL JACOB CASTLE-FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-139 |
| | ) | |
| CINTAS CORPORATION NO 2, d/b/a | ) | |
| Cintas Corporation and CINTAS | ) | |
| CORPORATE SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants' Supplement to Renewed Motion for an Order Directing Plaintiff to Submit to Independent Medical Examinations ("IME"). Doc. 191. For the following reasons, the Motion is **GRANTED**.

Pursuant to a previously entered order, doc. 188, defendants had filed a supplemental motion to their request for an IME providing greater detail about the process and the procedures which their physicians would follow, doc. 191. Plaintiff objected to this supplement raising three issues. Doc. 195 First, that defendants wish that employees of a court reporting company be utilized to position the camera during certain portions of the examination. *Id.* at 1-2. Second, that defendants plan that an employee of the court reporting company will proctor an examination to ensure that plaintiff takes no photos of the

proprietary tests conducted by Dr. Alexander. *Id.* at 3. Third, that the defendants have not provided the requisite detail as the "assessments" that Dr. Barth and Dr. Alexander will conduct. *Id.* at 2-3. Plaintiff argues that the presence of the third-party will impinge on his privacy rights, potentially expose him to COVID, and that a third-party could cause other unspecified "interference." *Id.* at 2.

Defendants respond arguing that the third party will be used only in a limited role to assist with technical aspects of operating videoconferencing equipment and to proctor certain written exams to ensure their proprietary nature. Doc. 197 at 2. They note that assistance is necessary for Dr. Cook to observe plaintiff's "person, physical mannerisms, body language, affect, [and] his gait while walking." *Id.* at 3. They also note that they will not require that a third-party proctor the written examination if plaintiff will allow them to confirm that he does not take any recording equipment (including cell phones) into the examination. *Id.* at 4. Defendants argue that the use of a third party in a purely technical capacity is necessary to conduct the examination in the limited fashion mandated by the Court and by the circumstances of the pandemic. *Id.* Defendants finally explained that the court reporting company was previously used to conduct the depositions of plaintiff and some of his medical providers, and assert that they will have any employee execute a suitable confidentiality agreement. *Id.* at 5.

The Court is cognizant that the current pandemic has required the use of a dispreferred method of conducting an IME (i.e., via video conference). Nevertheless, the use of a third party solely for the purposes discussed by the defendants does not run afoul of either the Court's Order or the purpose of the IME, subject to the following specifications.  First, the third party will be used solely as a technician to move the video equipment as required by the examining physician.  The examining physician should take all necessary steps to eliminate the need for this technician and the technician should vacate the room when not needed.  Likewise, the technician must sign a confidentiality agreement acceptable to both parties and wear a mask as well as abide by social-distancing obligations to the extent possible.  The technician may ensure that plaintiff does not have any recording or photography devices on him during the examination, but will not be allowed to proctor the examination.

As to the details of Dr. Barth and Dr. Alexander's examination, defendants state that Dr. Barth will

> conduct a detailed history, explore any issues raised in and/or implicated by Dr. Macchiochi's and/or Dr. O'Shanick's in person examinations and/or reported opinions, conduct a question and answer session regarding all reported physical and neurological complaints, and conduct a current assessment.  This examination will explore and address Plaintiff's alleged injuries and/or conditions; the cause, extent and basis of the same; associated symptomology; his current condition; and his prognosis.

Doc. 191. at 2.  Dr. Alexander will conduct

> 1 to 2 hours of testing, consisting of a handwritten examination and/or computerized testing elements. Dr. Alexander or his assistant will appear via Zoom or video conferencing and explain how to conduct the tests prior to testing beginning. . . . Dr. Alexander will then conduct a detailed history, explore any issues raised in and/or implicated by Dr. Macchiochi's and/or Dr. O'Shanick's in person examinations and/or reported opinions, conduct a question and answer session regarding all reported physical and neurological complaints, and conduct a current assessment. This examination will explore and address Plaintiff's alleged injuries and/or conductions; the cause, extent and basis of the same; associated symptomology; his current condition; and his prognosis.

*Id.* at 3.

The Court concludes that this information, combined with the information previously provided about the examination, is sufficient to allow it to go forward. The request, while not overly detailed, more than adequately "delineate[s] the scope of the examination." *Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, 258 F.R.D. 523, 526 (S.D. Fla. 2009). The Court will not require defendants' examiners to list in detail each and every potential step in their examination. Accordingly, the supplemental motion for an IME is **GRANTED,** subject to the restrictions on the third party discussed above.

**SO ORDERED,** this 8th day of March, 2021.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA